Matter of Dikovskiy v New York City Bd. of Educ. (2025 NY Slip Op 01287)

Matter of Dikovskiy v New York City Bd. of Educ.

2025 NY Slip Op 01287

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 652135/15|Appeal No. 3833|Case No. 2023-06428|

[*1]In the Matter of Gennadiy Dikovskiy, Petitioner-Appellant,
v
New York City Board of Education Doing Business as New York City Department of Education, et al., Respondents-Respondents.

Glass & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about August 25, 2023, which, to the extent appealed from as limited by the briefs, denied petitioner's motion for an order adjudicating respondents New York City Board of Education and Carmen Farina (together, the Board of Education) in contempt of an order and judgment of the same court (Alice Schlesinger, J.), dated August 25, 2016, unanimously affirmed, without costs.
Respondents waived the protections of Judiciary Law § 756 by contesting the application on the merits (see Matter of Rappaport, 58 NY2d 725, 726 [1982]).
As to the merits, Supreme Court providently exercised its discretion in denying the petition to find the Board of Education in contempt, as petitioner failed to establish by clear and convincing evidence that the Board of Education disobeyed an unequivocal mandate of the court (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Matter of Britt v City of New York, 160 AD3d 524, 524-525 [1st Dept 2018]). The petition sought petitioner's reinstatement "with full back pay and benefits . . . retroactive to the date of his termination," and Supreme Court granted the petition. However, the petition did not specifically seek lost per session compensation or attorneys' fees, and it is not settled law whether lost per session compensation constitutes back pay. Furthermore, petitioner does not appear to have sought per session compensation or attorneys' fees during the prosecution of the petition, and the court's order granting the petition did not specifically order that relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025